MAX FEINBERG, Appellant, *v.* CHAUNCEY D. ALLEN, Respondent.

*Estoppel — evidence — pleading.*

An estoppel *in pais*, like an estoppel of record, may be received as evidence of the fact in issue without being pleaded, and if proved is equally conclusive. (*Krekeler* v. *Ritter*, 62 N. Y. 372, followed.)
*Feinberg* v. *Allen*, 143 App. Div. 866, affirmed.

(Argued March 19, 1913; decided April 22, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered March 20, 1911, affirming a judgment in favor of defendant entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*C. J. Vert* for appellant. The referee erred in admitting and considering the testimony touching equitable

estoppel over plaintiff's objection; he also erred in refusing to strike out this testimony on plaintiff's motion; and the Appellate Division erred in affirming the referee's action, for the reason that equitable estoppel is a "defense" which must be pleaded, and was not in this case. (Code Civ. Pro. § 500; Baylies' Code Prac. [2d ed.] 372; 2 Abb. Tr. Brief [2d ed.], 1072; *Griffin* v. *L. I. R. R. Co.*, 101 N. Y. 348; *Frank* v. *Miller*, 116 App. Div. .855; *Cratsworth* v. *L. V. R. R. Co.*, 115 App. Div. 7; *Southwick* v. *First Nat. Bank*, 84 N. Y. 420; *Crane* v. *Powell*, 139 N. Y. 379; *Van Schaick* v. *Winne*, 16 Barb. 89; *Lytle* v. *Crawford*, 69 App. Div. 273; *Townsend Mfg. Co.* v. *Foster*, 51 Barb. 346; 41 N. Y. 620; *Bailey* v. *Ryder*, 10 N. Y. 363; *Willey* v. *Greenfield*, 64 App. Div. 220; *Ferguson* v. *Ferguson*, 2 N. Y. 360.)

*John H. Booth* and *Wilmer H. Dunn* for respondent. The evidence of the declarations of the plaintiff to Mr. Fonda and the other witnesses as to the ownership of the wood was proper. (*Terry* v. *Munger*, 49 Hun, 560; 121 N. Y. 161; *F. L. & T. Co.* v. *Siefke*, 144 N. Y. 360; *Tum Suden* v. *Jurgen*, 32 Misc. Rep. 660; *Creque* v. *Sears*, 17 Hun, 123; *Brevoort* v. *Brevoort*, 8 J. & S. 211; *McKillip* v. *Burhans*, 12 Wkly. Dig. 185; *Rogers* v. *King*, 66 Barb. 495; *Glens Fall P. Co.* v. *Travellers Ins. Co.*, 162 N. Y. 405; *Barson* v. *Mulligan*, 191 N. Y. 323.) Under the circumstances of this case, it was not necessary to plead the facts relied upon to create an estoppel. (*Krekeler* v. *Ritter*, 62 N. Y. 372; *Meeder* v. *Providence Savings Bank*, 58 App. Div. 81; *Prevot* v. *Lawrence*, 51 N. Y. 219; Bigelow on Estoppel [2d ed.], 521; Herman on Estoppel, §§ 618, 619; *W. Canal Co.* v. *Hathaway*, 8 Wend. 483; *People* v. *Bristol Turnpike Co.*, 23 Wend. 230; *Reed* v. *Pratt*, 2 Hill, 66.)

MILLER, J. This is an action for conversion. The answer, so far as material, was a general denial. The plaintiff gave evidence tending to show his ownership of

the property in question, which the defendant levied upon under a warrant of attachment issued in an action brought against the plaintiff's wife, and subsequently sold upon the rendition of a judgment in said action and the issuance of execution thereon. The defendant gave evidence to establish that the plaintiff was estopped to deny that his wife owned the property. That evidence was objected to as inadmissible under the pleadings. The referee found that the plaintiff owned the property but was estopped to assert his ownership, and so the question is squarely presented on this appeal whether facts relied upon to establish an estoppel *in pais* can be proved under a general denial.

It is argued that such facts are new matter constituting a defense and must be pleaded under section 500 of the Code of Civil Procedure, which corresponds to section 149 of the Code of Procedure. Many cases from other jurisdictions having code systems like ours are cited in support of the argument. At an early time in England there was some doubt whether an estoppel by judgment or deed was conclusive if not pleaded, Lord COKE being of the opinion that the jury were bound to find the truth. But the doctrine was finally established that if the record or the deed were received in evidence the jury were bound to accept the legal conclusion from it, and that a judgment as a plea was a bar, and as evidence conclusive. Some doubt remained whether the evidence could be received if an opportunity to plead the estoppel had not been availed of. However, it was well settled at common law that an estoppel *in pais* need not be pleaded. (See Bigelow on Estoppel [4th ed.], page 668 *et seq.*, and references in the notes.) It is settled in this state that an estoppel of record, though not pleaded, may be received as evidence of the fact in issue, and when received is conclusive. (*Krekeler* v. *Ritter*, 62 N. Y. 372.) *A fortiori*, an estoppel *in pais* may be proved without being pleaded, and if proved is equally conclusive,

The plaintiff was bound to prove a wrongful taking. Under a general denial the defendant could show title in a stranger, and with like reason he should be permitted to prove that the plaintiff was estopped to deny title in his wife. At any rate, we regard the question as settled by the case of *Krekeler* v. *Ritter* (*supra*).

The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, WERNER, HISCOCK, COLLIN and CUDDEBACK, JJ., concur.

Judgment affirmed.