MINNIE H. PEARSON, Plaintiff, *v.* HENRY PEARSON, Defendant.

(Supreme Court, New York Trial Term, October, 1918.)

Actions — when doctrine of res adjudicata inapplicable.
Divorce — foreign — when judgment not a bar to wife's action in this
    state for necessaries — evidence — Code Civ. Pro. § 1762.

> The doctrine of *res adjudicata* not only bars a second action upon the identical cause, but, also, where the causes of action are distinct, it prevents a second litigation upon a material issue common to both actions and is inapplicable unless the material issue is strictly identical with the material issue alleged to have been adjudicated.
>
> The "material issue" is not restricted to the basic issue raised by the pleadings, but includes any issue of fact the determination of which was necessary to the determination of the main issue.
>
> A wife abandoned by her husband may bring an action against him to recover the amounts expended by her for necessaries, but he is under no obligation to support her, provided the separation was justified by the conduct of the wife.
>
> In such an action it appeared that in a prior action brought by the husband, in a court of a sister state having jurisdiction of the marital status of the parties, he secured a judgment of divorce on the ground of "extreme cruelty" consisting of repeated accusations by his wife of his infatuation for various women and charges of marital infidelity on his part by reason of which acts of cruelty he was forced to and did leave his

wife and that she testified on the trial of the action. The court found as facts that the wife had been guilty of "extreme cruelty" sufficient under the law of that state to entitle the husband to a divorce, antedating the abandonment; that the allegations of the complaint with reference thereto were true and that the charges of nonsupport and desertion alleged in the answer were not true. Both the issue of nonsupport and the issue of separation for just cause were raised in said action and the judgment therein rendered expressly provided that the wife "take nothing by her answer and cross-complaint herein, and that neither the plaintiff nor defendant have or recover from the other any property or money, either as alimony or a division of the property of the parties hereto."

The court granting the foreign divorce having pointed out in its opinion that nonsupport as a defense must be tested by the same principles as would apply if it were pleaded affirmatively as cause of action for divorce and that where, as shown by the evidence, the wife was possessed of independent means the failure of the husband to support his wife especially in the absence of a demand by her would not be a ground for divorce, a finding upon the question of nonsupport can have no bearing upon the right of the wife to reimbursement for particular items expended by her for necessaries.

It appearing that during a period of time which included the time of the alleged acts of cruelty, the abandonment and the expenditures of the wife for necessaries, the parties resided in New York, a finding of the foreign court that the wife was guilty of such "extreme cruelty" as to constitute grounds for the divorce granted did not determine that she was guilty of such "cruel and inhuman treatment" as would constitute ground for a separation under section 1762 of the New York Code of Civil Procedure, and, in consequence, relieve the husband of the obligation to support his wife during the continuance of the New York domicile.

A contention that, whatever may be the respective definitions of "cruelty" in both states, the foreign court having found as a fact that the acts of cruelty alleged in the complaint were true, they would be deemed "cruel and inhuman treatment" in New York was untenable, where it is apparent that many of such acts would not be regarded as justification for abandonment in this state, and it follows that such finding is not conclusive in the present action as the alleged acts and the

surrounding circumstances must be tested by the principles of New York law.

It not appearing that the foreign court considered whether the wife's charges were made upon reasonable grounds or whether evidence upon that question would have been deemed material, plaintiff's right to recover herein is clearly not in any degree directly or indirectly involved in any of the issues in the divorce action, and evidence upon the question of defendant's justification for the abandonment of plaintiff is admissible.

RULING as to certain evidence in an action by a wife to recover amount expended for necessaries.

George Gordon Battle, for plaintiff.

Howard R. Bayne, for defendant.

HOTCHKISS, J. This case having come before me for trial, I am requested in advance of the regular order to rule upon the admissibility of certain testimony. The question turns upon whether the issues to which the testimony is directed are *res. adjudicata* by reason of a Nevada judgment, which is pleaded as an affirmative defense. The complaint herein alleges the residence of plaintiff and defendant in New York during the times mentioned therein, their marriage, the abandonment of plaintiff by defendant, the failure of defendant thereafter to support plaintiff, the payment by plaintiff out of her separate estate of $3,000, between April 1, 1915, and the commencement of this action (May 1, 1916), for necessaries, a demand for reimbursement and defendant's failure to pay. The judgment demanded is for $3,000 and interest. The supplemental answer contains two separate defenses. The first defense sets up a Nevada judgment of divorce secured by the present defendant (hereafter referred

to as the husband) on the ground of extreme cruelty. The second defense alleged the wife's extreme cruelty and the husband's abandonment of her on that account in July, 1915. The substance of the judgment record is as follows: The action was commenced December 15, 1916. The complaint set up extreme cruelty by the wife, the acts of cruelty continuing from January, 1908, to May, 1916, and consisting of repeated accusations by the wife of the husband's infatuation for various women and charges of marital infidelity on his part, by reason of which acts the husband was forced to and did leave his wife in July, 1915. The wife was personally served and filed an answer denying the material allegations of the complaint, and as affirmative defenses alleging (1) that for over a year before the filing of her answer her husband failed to provide her with the necessaries of life; (2) that in April, 1915, more than a year before the filing of the original complaint, he willfully and without cause deserted her, which desertion had ever since continued. In his reply the husband alleged that he was forced to leave his wife in July, 1915, because of the acts of cruelty alleged in the complaint; also, that his wife had an income of about $5,000 per annum from her separate estate. The action was tried, the wife appearing and testifying. The court decided in the husband's favor and filed findings of fact and conclusions of law. It was found that the wife had been guilty of extreme cruelty, and that the allegations of the complaint with reference thereto were true, and that the wife's charges of non-support and desertion without cause were not true. In pursuance of the court's conclusions of law a final decree of divorce was entered July 11, 1917, providing that the wife " take nothing by her answer and cross-complaint herein, and that neither the plaintiff nor defendant have or recover from the other any property

or money, either as alimony or a division of the property of the parties hereto.'' It has been decided in this state that a wife may bring an action against her husband for reimbursement for amounts expended by her for necessities. *De Brauwere* v. *De Brauwere,* 203 N. Y. 460. Where the husband has separated himself from his wife, however, the husband is no longer under obligation to support her, provided the separation was justified because of the conduct of the wife. Both the issue of non-support and the issue of separation for just cause were raised in the Nevada action. It is familiar law that the doctrine of *res adjudicata* not only bars a second action upon the identical cause, but, also, where the causes of action are distinct, it prevents a second litigation upon a material issue common to both actions. The '' material issue '' in this connection is not restricted to the basic issue raised by the pleadings, but includes any issue of fact the determination of which was necessary to the determination of the main issue. *House* v. *Lockwood,* 137 N. Y. 259. It is an obvious corollary, however, that the doctrine is inapplicable unless the material issue, as above defined, is strictly identical with the material issue alleged to have been adjudicated. *Palmer* v. *Hussey,* 87 N. Y. 303; *Silberstein* v. *Silberstein,* 218 id. 525. It is necessary, therefore, to compare the precise issues presented respectively to the Nevada court and to this court. The Nevada court had jurisdiction of the marital status of the parties. The primary question before the court was whether it should exercise its power to terminate that status. Its determination depended upon the answer to three questions: (1) Were the acts of the wife such as to constitute '' extreme cruelty '' as defined by Nevada law? The court found in the affirmative, thus *prima facie* entitling the husband to a divorce. (2) Was the abandonment (separation) by

the husband, alleged by the wife and admitted by the husband, an adequate defense against the cruelty of the wife? An examination of the Nevada record shows that the court found that acts of cruelty sufficient under the Nevada law to entitle the husband to a divorce ante-dated the abandonment, and it followed that the abandonment could not defeat the husband's prayer before the Nevada court for a divorce. (3) Was the non-support by the husband of such a nature as to constitute ground for refusing the husband's prayer? A comparison of these issues with the issues before this court clearly shows that there is no identity of issue. Upon the question of non-support it may be observed that under the present complaint the wife could not recover if she were able to prove nothing more than payment by herself of, for example, a grocery bill of forty dollars. Whatever presumptions this court may indulge in as to Nevada law, it is unnecessary to argue that it will not presume that the non-payment by the husband of a forty-dollar bill for necessities would constitute such non-support as to defeat an action for divorce. While I am not at this point considering the Nevada record evidence of Nevada law, it is instructive to observe that the court in its opinion pointed out that non-support as a *defense* must be tested by the same principles which would apply if it were pleaded *affirmatively* as cause of action for divorce, and the court proceeded to point out that where, as shown by the evidence in that case, the wife was possessed of independent means, the failure of the husband to support her, especially in the absence of a demand by the wife, would not be ground for a divorce. It is quite obvious that a finding upon the question of non-support pursuant to such principles would not have any bearing upon the right of the wife to reimbursement for particular items expended by her for necessaries.

With respect to abandonment, the question before this court is whether the abandonment by the husband was justified, so that he was no longer under obligation to support his wife. The facts which would justify abandonment must be such as under New York law would warrant a decree of separation in favor of the husband, or, more particularly in this case, there must have been " cruel and inhuman treatment " of the husband within the meaning of section 1762 of the Code. Unless the New York definition of " cruel and inhuman treatment " is for the purpose of the present action to be deemed superseded by the Nevada definition of " extreme cruelty," it does not appear that there is an identity of issue. It is alleged in the complaint herein, and not denied, that the parties resided in New York during a period of time which includes the time of the alleged cruelties, the abandonment, and the expenditures by the wife for necessaries. Assuming that while thus residing in New York the wife expended from her own funds an item of forty dollars for necessaries, she, at that instant, either did or did not acquire a right to reimbursement. Whether the wife's right to reimbursement rests directly upon the obligation, incident to the marital status, of the husband to provide the wife with necessaries, or upon the theory of an implied contract whereby the wife is regarded as the husband's agent in making expenditures for necessaries, as indicated in *DeBrauwere* v. *DeBrauwere, supra,* it would seem clear that the New York law would govern. Having control of the status at the time, New York law would define its duties and obligations. Under the theory of an implied agency, New York law likewise would govern, for the contract is implied from the obligation attached to the status by New York law. Hence, New York must be deemed the place of the making of the contract, as well as the place of per-

formance.  The right to reimbursement is a civil right growing out of the marital status.  Once the right to reimbursement is created it is in its nature a contract right, and its continued existence is not dependent upon the views of the marital status prevailing in whatever state the question may in the future be raised.  It follows that the finding of the Nevada court that the wife was guilty of such " extreme cruelty " as to constitute ground for a divorce under Nevada law does not determine that the wife was guilty of such " cruel and inhuman treament " as would constitute ground for a separation under New York law, and in consequence relieve the husband of the obligation to support the wife during the continuance of the New York domicile.  It may be contended on defendant's behalf, however, that whatever may be the respective definitions of cruelty in Nevada and New York, the Nevada court found to be true the specific allegations of cruelty set forth in the complaint in that action, and that such acts would be deemed " cruel and inhuman treatment " in New York.  It is apparent upon a perusal of those allegations that many of the acts would not be regarded as justification for abandonment in New York.  It is true that it has been held in New York that charges of marital infidelity may constitute such cruelty as to entitle the aggrieved party to a separation (*De Meli* v. *De Meli,* 120 N. Y. 485), but it does not follow that the establishment of the alleged acts of cruelty would necessarily result in a decree of separation in New York.  Under the application of principles of New York law, it might well be that the circumstances disclosed by the evidence would nullify the effect of the acts of cruelty.  A single illustration will suffice.  It is the New York rule that a charge of marital infidelity, to constitute a ground for separation, must be made " maliciously " or " in bad faith," and will not be

deemed cruelty if made in good faith on reasonable grounds. *Kennedy* v. *Kennedy,* 73 N. Y. 369; *De Meli* v. *De Meli,* 67 How. Pr. 20. It does not appear that the Nevada court considered whether the wife's charges were made upon reasonable grounds, or whether evidence upon that question would have been deemed material. It may here be pointed out that there is no basis for a presumption as to Nevada law upon this point. In the first place, the subject matter is distinct, since the cruelty in question in the Nevada action was cruelty constituting ground for divorce under Nevada law, while the cruelty here involved is cruelty constituting ground for separation under New York law. Presumptions based upon the presumed similarity of the common law in each state cannot be indulged in, because jurisdiction of actions for divorce lay in the ecclesiastical courts and not in the common-law courts. Our jurisdiction is statutory. We have not adopted the law of the ecclesiastical courts. *Burtis* v. *Burtis,* 1 Hopk. Ch. 557; *Griffin* v. *Griffin,* 47 N. Y. 134; *Ackerman* v. *Ackerman,* 200 id. 72. It follows that the finding of the Nevada court that the specific allegations of cruelty set forth in the complaint were true is not conclusive. The acts and the surrounding circumstances must be tested under the principles of New York law. Finally, the argument that the present issue is *res adjudicata* by reason of the Nevada decree that the wife " take nothing by her answer and cross-complaint herein, and that neither the plaintiff nor defendant have or recover from the other any property or money, either as alimony or a division of the property of the parties hereto," is manifestly unsound. Plaintiff's right to the money which she seeks to recover in this action clearly was not in any degree, directly or indirectly, involved in any of the issues in the Nevada action. It follows that evidence upon

the question of justification for the abandonment is admissible. The cause will be placed upon the day calendar for any day the attorneys may select.

Ordered accordingly.