ANNIE W. STEPHENS, Plaintiff, *v.* GEORGE M. CRAIGEN COMPANY, Defendant.

(Supreme Court, Kings County, December, 1921.)

Executors and administrators — wills — dower — widow conveying real estate as sole executrix and trustee under a power of sale in her husband's will is estopped from thereafter claiming dower although the will did not declare that the provisions made for the widow were in lieu of dower, the deed reciting that she conveyed all the estate which she had power to convey, whether individually or by virtue of said will — Real Property Law, §§ 245, 256.

The husband of plaintiff devised to his executors and trustees, with a valid power of sale, certain real propery in trust for his wife and children in different proportions but the will did not declare that the provision for the widow was in lieu of dower. Nine years after the death of the husband the widow, acting as sole executrix and trustee, conveyed certain of the devised premises to the predecessors in title of defendant by a deed reciting that she conveyed "all the estate therein which the party of the first part has or has power to convey or dispose of whether individually or by virtue of said will or otherwise." *Held,* that where in an action by her to establish and recover a dower interest in the property, brought after the defendant had undertaken a substantial improvement to the property, it appeared that plaintiff had never entered upon the premises or made any other attempt to establish her dower therein, a judgment will be granted in favor of the defendant.

The above quoted language of the deed being verbatim that of section 256 of the Real Property Law which, read in con-

nection with section 245 of the same statute, is a complete
answer to plaintiff's claim, estops her from claiming any interest
in the land.

If plaintiff deems it advisable to now assert a claim for
dower it is her duty both in law and equity to assert it against
the proceeds of sale received by her grantee, and not against
her grantee's assigns.

Action to recover dower.

I. T. Flatto, for plaintiff.

Edward M. Perry, for defendant.

Van Siclen, J. Plaintiff's husband died in 1903 leaving a will wherein he devised his real property to his executors and trustees, one-third for his wife and two-thirds for his children. A valid power of sale was given to the executors and trustees. The plaintiff was acting as sole executrix and trustee in 1912 when she conveyed certain of the devised premises to the predecessors in title of the defendant. In the deed she is described as executrix and so she signed. The body of the deed recites that she conveys " all the estate therein which the party of the first part has or has power to convey or dispose of whether individually or by virtue of said will or otherwise."

The plaintiff now seeks to establish and recover a dower interest in this property. There is no doubt that she intended to convey the fee and that her grantor intended to get the fee. She has waited until the defendant had undertaken a substantial improvement of the property before asserting her claim and thus increase the embarrassment. Her position is anything but equitable and she is not entitled to a recovery unless there is some compelling rule of law or statute that demands it.

The will does not recite that the provision for the widow was in lieu of dower. Neither has she ever

entered upon these lands or made any other attempt to establish her dower therein, so that there is no assistance to be spelled out of that aspect of the matter for either party. Although there is some authority for the contention that such a provision as this may be construed as in lieu of dower. *Asche* v. *Asche,* 113 N. Y. 232; *Wood* v. *Seely,* 32 id. 105; *Matter of Gorden,* 172 id. 25.

The intention of the parties as disclosed by the papers is clear enough. The wording of the habendum clause states plainly that all the estate of the grantor not only as executor but also as an '' individual '' and '' by virtue of said will or otherwise '' was to be conveyed. In the face of such language only a specific reservation of the right of dower could except it therefrom.

''A conveyance of land, like all other instruments, should be so construed as to effectuate the intention of the parties to be ascertained from the language and all the surrounding circumstances. (*Thayer* v. *Finton,* 108 N. Y. 394; *Beach* v. *Crain,* 2 id. 86–93.) An exception or reservation in a deed is to be taken most favorably to the grantee, and if there is uncertainty or ambiguity in the language, he should have the benefit of the doubt or the ambiguity. They should be taken most strongly and construed most strictly against the grantor whose words they are and against him who stands in his place, and if an advantage can be gained from an uncertainty or ambiguity in the words, the grantee or person standing in his place is entitled to the benefit of it.'' *Blackman* v. *Striker,* 142 N. Y. 555, 560.

This language of the deed is verbatim the language of section 256 of the Real Property Law, which taken together with section 245 seems to provide a direct answer to plaintiff's claim. The plaintiff must be

held to be estopped from now claiming an interest in this land in the face of her deed. *Feinberg* v. *Allen,* 208 N. Y. 215.

" The deed must be held to convey all the interest in the lands which the grantor had unless the intent to pass a less estate or interest appears by express terms or be necessarily implied in the terms of the grant." *Blackman* v. *Striker, supra* 561.

If as an afterthought the plaintiff finds it advisable to assert a claim for dower in such a situation as this, it is her duty in law and equity to assert it against the proceeds of sale received from her grantee and not against her grantee's assigns for the intention of the parties seems clearly to have been that the plaintiff was conveying and the grantee was receiving all the right, title and interest which the grantor had in the premises.

Judgment will be granted for the defendant.