CRANE COMPANY, Respondent, v. JOHN JOSEPH FLEMING and Another, Respondents, Impleaded with WILLIAM G. HAMILTON, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.

FRANCIS DEAN, Respondent, v. EMILY HALLIBURTON and Another, Committee of the Property in the State of New York of WILLIAM S. HALLIBURTON, an Incompetent, Appellants.— Judgment and order reversed upon the law, and new trial granted, with costs to abide the event. The testimony of lay witnesses as to acts and declarations of the incompetent should not have been limited for use as a basis of hypothetical questions. These witnesses should have been permitted to state the impression which the acts and declarations testified to made upon them at the time, whether rational or irrational. (Wyse v. Wyse, 155 N. Y. 367.) We are also of opinion that greater latitude should have been allowed defendants to show the condition of the incompetent after his removal to North Carolina. Kelly, P. J., Jaycox, Young and Kapper, JJ., concur; Manning, J., dissents and votes to affirm.

SOPHIE FRIBERG, Respondent, v. ROCKAWAY POINT COMPANY, Appellant.— Order affirmed, with ten dollars costs and disbursements. We agree with defendant that the issue of promised renewal leases is res adjudicata by virtue of the equitable defense thereof interposed in the summary proceedings brought by this defendant against this plaintiff. We agree with the learned justice at Special Term that the ownership of the bungalows was neither determined in the summary proceedings nor necessarily involved therein, and that that issue may be tried out. Kelly, P. J., Rich, Kelby and Kapper, JJ., concur; Jaycox, J., dissents.

MARY A. HICKEY, Individually and as Executrix of ANNA L. HICKEY, Deceased, Respondent, v. THE CITY OF NEW YORK and Another, Appellants.— Judgment modified and corrected by striking out paragraph 1 of the decretal portion thereof and as so modified unanimously affirmed, without costs No opinion. Present, — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.

In the Matter of the Application of the CITY OF MOUNT VERNON, NEW YORK, a Municipal Corporation, under Section 94 of the Railroad Law,* etc., Appellant, v. THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Respondent. In the Matter of the Petition under Section 90 of the Railroad Law* of the CITY OF MOUNT VERNON, etc., Matter of Accounting.— The amount paid by the respondent in settlement of the Mooney judgment was not a part of the expense of making the crossing, but a sum required to be paid by respondent by reason of its negligence. Its inclusion in the account was not within the scope of the order of reference, and was, therefore, without jurisdiction. The order is, therefore, modified, in so far as it confirms the report of the referee in respect to conclusion of law marked " II," which is hereby reversed, and as so modified affirmed, with ten dollars costs and disbursements to appellant. Kelly, P. J., Rich, Jaycox, Kelby and Kapper, JJ., concur. Settle order on notice.

In the Matter of Proving the Last Will and Testament of GERTRUDE L. DONOHUE, Deceased, as a Will of Real and Personal Property.— Decree of the Surrogate's Court of Queens county unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.

* See Laws of 1921, chap. 698, amdg. said sections as theretofore amended.— [REP.