GRAYBAR ELECTRIC CO. INC. *v.* NEW AMSTERDAM CASUALTY Co.

(*Knoxville*, September Term, 1947.

Opinion filed May 3, 1948.

MITCHELL LONG, of Knoxville (BREED ABBOTT & MORGAN, of New York City, and CATES, FOWLER, LONG & FOWLER, of Knoxville, of counsel), for Graybar Electric Co., Inc.

CLYDE W. KEY, of Knoxville, for New Amsterdam Casualty Co.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This appeal presents a bill filed by a materialman, Graybar Electric Company, against the New Amsterdam Casualty Company, surety on a performance bond which has previously been considered by this Court in the case of *Knoxville v. Burgess, Inc., et al.*, 180 Tenn. 412, 175 S. W. (2d) 548. The bill filed on December 14, 1944, alleges that on February 20, 1940, the Casualty Company became the surety of Melvin F. Burgess, Incorporated, upon a lien and completion bond on a contract which Burgess had to construct an extension to the electric distribution system of the City of Knoxville, and seeks recovery of the value of electrical material furnished to Burgess in the sum of $36,608.90. Since the filing of the bill Complainant has been paid $9,652.97 which is to be credited on any recovery.

Burgess abandoned the contract in November 1940; the Surety Company took over the contract; and when Graybar was not paid, it filed suit in the Supreme Court of New York to recover the balance due. The Supreme Court rendered judgment for Graybar and the Appellate Division affirmed, but the Court of Appeals reversed the lower Courts and dismissed the suit on account of our decision in *Knoxville v. Burgess, supra; Graybar Electric Co. v. New Amsterdam Casualty Co.*, 292 N. Y. 246,

54 N. E. (2d) 811. We consider the New York judgment hereafter.

Thereafter, Graybar filed petition for *certiorari* in the Supreme Court of the United States, and that petition was denied. After denial of the *certiorari*, Graybar filed this suit in the Chancery Court of Knox County, and by its bill sought from the Surety Company recovery of the full amount of its claim, $36,608.90 with interest. Recognizing that the bond was a statutory bond and that the statute required 90 days notice and imposed 6 months limitation of suit (Code, secs. 7955-7959), Graybar insisted that by conduct, conference and admission of liability on the bond, the Surety Company had waived its rights to require compliance with these statutory requirements and was estopped to set them up against the prosecution of Graybar's claim.

The Surety Company returned to the Court of Appeals of New York, while that Court still admittedly had jurisdiction of its former judgment, and filed a motion to have the New York Court amend its former judgment and declare that that former judgment had been "on the merits." The motion was granted and the former judgment amended and rendered "on the merits."

With the New York judgment so amended, the Surety Company demurred to the bill filed in the Chancery Court of Knox County, on the ground that the claim had been adjudicated in the New York Court of last resort; that the claim was *res adjudicata* in New York and that, therefore, under the "Full Faith and Credit Clause", U. S. Constitution, Art. IV, sec. 1; 28 U. S. C., sec. 687, 28 U. S. C. A., sec 687, the claim was *res adjudicata* here.

The Chancellor overruled the demurrer and entered a decree for the full amount of the claim with interest. On

appeal, the Court of Appeals affirmed the decree on all grounds, but reduced the amount of recovery by the price of certain transformers ($13,685.91), which were furnished by Graybar to Burgess but not, in the opinion of the Court of Appeals, covered by the bond, because not installed in the Knoxville project. Petition to Rehear, filed by the Surety Company was denied with BURNETT, J., dissenting.

Both parties filed petitions for *certiorari* in this Court on such points in the decrees below as were adverse. We granted both writs and the case has been ably briefed and argued by both sides. In view of the concurrent finding of liability by the two lower Courts, the only open question is the effect that must be given to the judgment rendered in a suit by these same parties on this same performance bond for these same materials by the Court of Appeals of New York.

■■ Our duty is to give such effect to the New York judgment as would be given it in the Courts of New York. U. S. Constitution, Art. IV, sec. 1, 28 U. S. C., sec. 687, 28 U. S. C. A., sec. 687; *Bigelow* v. *Old Dominion etc. Co.,* 225 U. S. 111, 32 S. Ct. 641, 56 L. Ed. 1009; *Harris* v. *Balk,* 198 U. S. 215, 25 S. Ct. 625, 49 L. Ed. 1023, 3 Ann. Cas. 1084; *Riley* v. *New York Trust Co.,* 315 U. S. 343, 62 S. Ct. 608, 86 L. Ed. 885; *Milliken* v. *Meyer,* 311 U. S. 457, 61 S. Ct. 339, 85 L. Ed. 278, 132 A. L. R. 1357; *Roche* v. *McDonald,* 275 U. S. 449, 48 S. Ct. 142, 72 L. Ed. 365, 53 A. L. R. 1141; *Davis* v. *Davis,* 305 U. S. 32, 59 S. Ct. 3, 83 L. Ed. 26, 118 A L. R. 1518; *Magnolia Petroleum Co.* v. *Hunt,* 320 U. S. 430, 64 S. Ct. 208, 88 L. Ed. 149, 150 A. L. R. 413. To say whether the New York judgment rendered the claim *res adjudicata* in New York, some account of the New York litigation and an analysis of the

judgments entered, is necessary. There is no question that all relevant statutes of New York are properly before us, Williams' Code, sec. 9773.1 and a certified copy of the New York record is properly incorporated in our record on this appeal. Pertinent excerpts from Graybar's complaint in the New York Supreme Court are:

(After the identification of the parties, their residence and status,)

3. "On or about the 20th day of February, 1940, the defendant (Surety Company) for valuable consideration executed and delivered to said Owner (Knoxville) its undertaking, a true copy of which is hereto annexed, marked 'Exhibit A', and made a part of this complaint, in the penal sum of Two Hundred Fourteen Thousand Two Hundred Sixteen Dollars and Eighty Four Cents ($214,216.84)."

4. "In and by said undertaking, Exhibit A, it is provided:

"'2. The condition of this obligation is such that if the Principal (Burgess) shall . . . promptly make payment to all persons supplying labor and materials for use in the construction of the project contemplated in the Construction Contract and any amendments thereto, . . . then this obligation shall be null and void, but otherwise shall remain in full force and effect.' . . . "

5. "Said Principal thereafter became indebted to the plaintiff in the sum of Thirty Six Thousand Six Hundred Eight Dollars and Ninety Cents ($36,608.90) the agreed and reasonable price of certain materials sold and delivered by plaintiff to said Principal at said Principal's request between June 1, 1940 and November 2, 1940 inclusive, for use in the construction of said project contemplated in the Construction Contract, and amendments

thereto, for which the said Principal promised to pay plaintiff the said sum. . . . ''.

7. "No part of said sum has been paid by the said Principal, although plaintiff duly demanded payment thereof."

8. "By reason of the premises, defendant is indebted to the plaintiff in the sum of Thirty-Six Thousand Six Hundred Eight Dollars and Ninety Cents ($36,608.90), which sum has not been paid, although duly demanded."

"Wherefore, plaintiff demands judgment against defendant for the sum of Thirty-Six Thousand Six Hundred Eight Dollars and Ninety Cents ($36,608.90), together with interest. . . . ''

The defendant Surety Company answered this complaint insisting that the bond sued on was a statutory bond and the liability of the Surety Company was barred by failure, first, to give the 90-day notice, and second, failure to file suit within 6 months, as required by certain sections of the Code of Tennessee, 7955 through 7959, which were copied at length in the answer. On the filing of the answer, Graybar as plaintiff under New York Rules of Civil Practice, Rules 113 and 114, moved for summary judgment for $36,304.46, supporting the motion by an affidavit of its treasurer, in which that officer set out the facts at length, and averred that the bond was a common law and not a statutory bond, and *that the defenses set up on account of failure to notify and failure to file suit were "irrelevant and inconsequential."* The defendant Surety Company also filed a motion for summary judgment, supporting that motion by several affidavits on the facts. As both parties made motions for summary judgment, that method of disposing of the action could not later be questioned by either.

On this statement of the pleadings it will be seen that Graybar had full opportunity to set up its defenses of waiver and estoppel, when the issues of "notice" and "filing suit" were tendered by the Surety Company, but elected to assert them to be "irrelevant and inconsequential."

The Trial Judge in New York overruled the motion of the defendant Surety Company and sustained the motion of Graybar, holding the bond to be a common law bond and entering judgment against the Surety Company for $36,608.90. On appeal, this money judgment was affirmed by the Appellate Division and the Surety Company thereupon appealed to the Court of Appeals. As stated, before the case was argued in the Court of Appeals, our decision in *Knoxville* v. *Burgess, Inc.*, 180 Tenn. 412, 175 S. W. (2d) 548, was handed down, and the Court of Appeals held that the opinion of the Tennessee Supreme Court was controlling; that the bond sued on was a statutory bond; that the time limitations for notice, Code, sec. 7956, and suit, Code, sec. 7959, were part of the bond, and that the statute imposed [292 N. Y. 246, 54 N. E. (2d) 813] "limitations of the liability undertaken upon the bond in suit and not limitations of the rights of action thereby conferred upon laborers and materialmen"; and held further that Graybar had not met the limitations; reversed the two lower Courts and dismissed the complaint. *Graybar Electric Co.* v. *New Amsterdam Casualty Co.*, *supra*. After this decision, Graybar filed petition for *certiorari* in the U. S. Supreme Court, and when that petition was denied, filed the present bill in the Chancery Court of Knox County. As we have stated, the Surety Company, returned to the New York Court and secured an amendment to the former *remittitur* declaring that

the dismissal of Graybar's complaint was "on the merits." The pertinent clause of the final judgment as amended, is: "Adjudged that final judgment on the merits be entered in favor of defendant and against plaintiff and *that the complaint herein be and the same hereby is dismissed on the merits with costs in all courts.*" (Italics ours.)

To avoid the finality of this adjudication Graybar argues that the phrase, "on the merits," applies only to the motion of the Surety Company and not to the "controversy." We cannot reconcile this insistence with the quoted clause of the New York judgment and dismissal of the complaint was a dismissal of the controversy, for under the New York law the dismissal had the following effect:

"A dismissal of a complaint or a counterclaim at the close of the plaintiff's or defendant's evidence, as the case may be, or a dismissal of a complaint or counterclaim at the close of the whole evidence, is a final determination of the merits of the cause of action and bars a new action between the same parties or their privies or the same cause of action, unless the Court shall dismiss without prejudice." Cahill-Parsons New York Civil Practice, Judgments, sec. 482, p. G-18.

"The purpose of section 482 is to prevent repeated trials upon the merits." *Streeter* v. *Graham & Norton Co.*, 237 App. Div. 258, 262 N. Y. S. 16, 22.

█ Under the foregoing and following authorities, we conclude that the New York judgment would bar the present suit in the Courts of New York. *Fulton County Gas etc. Company* v. *Hudson River Tel. Co.*, 200 N. Y. 287, 93 N. E. 1252; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 165 N. E. 456; *Williams* v. *Barkley,*

165 N. Y. 48, 58 N..E. 765; *Everett* v. *Everett*, 180 N. Y. 452, 73 N. E. 231.

Our Court of Appeals found the foregoing provision of the New York Civil Practice Act, Judgments, sec. 482, inapplicable because the dismissal was not "after any evidence." Our study of the New York record does not confirm this conclusion. Both the motion by Graybar for summary judgment and the cross-motion of the Surety Company for the same relief, are supported by lengthy and detailed affidavits stating, as we appraise them, all the essential facts except those pertinent to the defenses of waiver and estoppel. Though we make the statement with some diffidence, since we are dealing with a question of practice which has no counterpart in Tennessee, New York practice under the law permitting decision by summary judgment is not the same as ours, Code, secs. 9507, 9540, but is more like a hearing by the Chancellor on depositions and affidavits, with the evidentiary element of cross-examination eliminated. In the present case the Judge of the New York Supreme Court heard the case on the pleadings and supporting affidavits and counter-affidavits, and recites in his published opinion and judgment that on reading the pleadings, the affidavits and exhibits of the respective parteis, he decides the case and awards a money judgment of $36,608.90 against the Surety Company. Obviously this judgment was more than a declaration of the nature of the bond, as a common law bond and more than a determination whether there were issues of fact to be tried, although Graybar insists that this was the only effect of the judgment. It is apparent that had the Surety Company failed to appeal, the litigation would have been finally determined by this judgment in the Supreme Court of New York.

"Where summary proceedings afford the parties an opportunity to be heard and to contest the issues, the decision is as conclusive as a judgment entered in a formal action." Section 611, Summary Proceedings, 50 C. J. S., Judgments, sec. 611, page 34.

"Judgments rendered in contested actions are none the less conclusive because the proceedings are summary." 50 C. J. S. Judgments, sec. 694, *Friberg* v. *Rockaway Point Co.*, 208 App. Div. 738, 202 N. Y. S. 804; *Adler* v. *Pilot Industries, Sup.*, 57 N. Y. S. (2d) 539.

"The rule that a prior judgment is a bar to further proceedings has application alike whether it be in a formal action or in a special or summary proceeding." *Supervisors of Onondaga* v. *Briggs*, 2 Denio, N. Y., 26, 33; *Van Wormer* v. *Mayor, etc. of City of Albany*, 15 Wend. 262; *Demarest* v. *Darg*, 32 N. Y. 281; *Beckmann* v. *Talbot*, 278 N. Y. 146, 15 N. E. (2d) 556, 557.

In its brief, page 6, Graybar makes this argument: "The Court could not have granted a motion upon the merits insofar as waiver and estoppel are concerned because these issues could not have been presented to the Court of Appeals of the State of New York *without an amendment of the pleadings and proof thereon.*" (Italics ours.)

This is true so far as it goes, but if Graybar wished to rely on the defenses of waiver and estoppel, it was clearly Graybar's duty to make the amendment and offer the proof.

At the outset of the New York litigation, by the answer, motion and supporting affidavit of the Surety Company, Graybar had notice that as its only real defense to the action, the Company was relying on the fact that the bond was a statutory bond and that Graybar had lost

its rights by failure to give notice and failure to file suit within the time prescribed in the satute.

While there is conflict of authority on the question whether defenses of "waiver and estoppel" must be raised by special plea, there is no conflict on the elementary rule that it is the duty of the one relying on an affirmative defense to make it or over the further rule that if defenses of "waiver and estoppel" are not raised, the Court will ignore them (Gibson, sec. 71).

Apparently, under New York practice, when the Surety Company filed its cross-motion and affidavit, it was not necessary for Graybar to amend its pleading, but it might have met the issue by counter-affidavit (*Feinberg* v. *Allen*, 208 N. Y. 215, 101 N. E. 893), instead of which Graybar elected to stand on the averment that the bond was a common law bond and that the defenses of limitation introduced from the Tennessee Statutes by the Surety Company were merely for delay and were "irrelevant and inconsequential."

". . . , for it is settled law that, as between the same parties, in the same capacities, and touching the same subject-matter, the estoppel of a former judgment or decree is conclusive, not only as to matters actually put in issue, but equally so as to those which, by due diligence on the part of the litigant, or those charged with the management of his case, might have been put in issue in the pleadings filed in the former suit." *Jordan* v. *Johns*, 168 Tenn. 525, 534, 79 S. W. (2d) 798, 801.

Since we find that the right or cause of action (*Travelers Ins. Co.* v. *Padula Co.*, 224 N. Y. 397, 121 N. E. 348, 351) based on breach of the performance bond was identical as presented in the pleadings in the New York and Tennessee suits, and since under the authorities cited

we further find that the New York Courts would treat the judgment of the New York Court of Appeals as a final adjudication of the claim, and that defenses of waiver and estoppel were relevant to the issue of the New York suit and should have been pleaded by Graybar if it wished to rely upon them, it follows that the plea of the Surety Company of estoppel by former judgment, extends the estoppel, not only to "matters actually litigated and determined, but to any other admissible matter that might have been offered." *Cromwell* v. *Sac County*, 94 U. S. 351, 24 L. Ed. 195, 197; *United Shoe Corp.* v. *United States*, 258 U. S. 451, 42 S. Ct. 363, 66 L. Ed. 708, 717. This is also the New York rule. *Hull* v. *Hull*, 225 N. Y. 342, 122 N. E. 252; *Barber* v. *Kendall*, 158 N. Y. 401, 53 N. E. 1; *Pearson* v. *Pearson*, 104 Misc. 675, 173 N. Y. S., 563; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 165 N. E. 456; *Fulton County Gas & E. Co.* v. *Hudson R. Tel. Co.*, 200 N. Y. 287, 93 N. E. 1052; *Meader* v. *Wexler*, 182 N. Y. 519, 74 N. E. 1120. It is also the rule in Tennessee. *Pile* v. *Pile*, 134 Tenn. 370, 377, 183 S. W. 1044; *Boyd* v. *Robinson*, 93 Tenn. 1, 23 S. W. 72.

Reversed and remanded for entry of an appropriate decree.

NEIL, C. J., PREWITT & TOMLINSON, JJ., concur.

BURNETT, J., did not participate.