McNABB *v.* SMITH *et al.*

*(Nashville,* December Term, 1949.)

Opinion filed April 29, 1950.

RAYMOND A. GRAHAM and PAUL SWAFFORD, both of Jasper, for appellants.

A. F. SLOAN, of South Pittsburg, for appellee Perkins.

J. D. McCLARNEY, of Jasper, for appellee, George Smith.

Mr. Justice Gailor delivered the opinion of the Court.

By the original bill in this cause filed October 19, 1948, James Calvin McNabb, a minor, suing by next friend, sought to set up a resulting trust in certain real estate in Marion County, which is described particularly in the original bill. The basis of the suit was that by fraud, defendant Perkins had acquired the funds of the minor from the hands of his guardian, and procured the real estate which is the subject of the litigation. The other defendants were made parties on account of rights and claims which were intervening and intermediate, and which had arisen through the defendant Perkins. On October 30, 1948, defendant George E. Smith filed an answer denying the material allegations of the bill, and coupled with his answer, a cross-bill, seeking to have the Chancellor set up his right to the property. On the 25th day of February 1949, an "amended and substituted bill" was filed by James Calvin McNabb by guardian Nellie Redmond McNabb, in which substantially the same grounds of relief and the same allegations of fraud are made, as were made in the original bill. On the 10th day of March 1949, defendants Perkins and Ketner filed a plea *res adjudicata* reciting at length the history of former litigation in the Chancery Court of Marion County, and decrees entered therein, which it was insisted by the defendants, constituted an estoppel and

bar to the present suit. 'Leave was then granted the defendant Smith to withdraw his answer, and to plead to the amended and substituted bill, specially the defense of *res adjudicata*.

When the pleading was in this state, on motion, the Chancellor heard the cause on the sufficiency of the pleas *res adjudicata*. He found that the pleas were valid and should be sustained, and from the decree so holding, the present appeal has resulted. The only question presented is the sufficiency of the plea *res adjudicata*, and for our consideration, the entire record of former litigation has been incorporated and sent up with the present transcript.

Although the Chancellor found: ''Within a period of approximately ten years, five lawsuits have resulted in this Court involving this same piece of property, three of which have been instituted by the complainant whose intentions, as demonstrated by the record, appear to be that of mere harassment and devoid of seriousness.''

We find it necessary to consider only Cause No. 1127 to uphold the validity of the plea *res adjudicata*.

In that cause, on February 25, 1944, James Calvin McNabb, a minor, suing by his next friend, Nellie Redmond McNabb, and Nellie Redmond McNabb, individually, filed suit against J. B. Perkins, and alleged that complainants had in April 1938, come into certain funds and Nellie McNabb had qualified as the legal guardian of her minor son. That relying on the friendship and integrity of the defendant Perkins, she had placed both her own funds and the funds of her ward in his hands, to acquire the title of the land in dispute as agent of the complainants, taking title in the name of the complainants. That in violation of the agreement of defendant

Perkins, defendant took title to the tract of land in his own name, that defendant Perkins had been guilty of fraud in so doing. The bill then prayed that complainant and her ward be adjudged to be the legal owners of said tract, and that pending the outcome of the litigation, said land be attached and defendant Perkins enjoined from disposing of or encumbering said land. To this original bill defendant Perkins filed a sworn answer, wherein every material allegation of the bill was emphatically and specifically denied, and the true and accurate facts of the circumstances by which the defendant Perkins had acquired the land, and the funds that he had used therefor, were set out in the answer which the defendant Perkins swore to be true, as of his own knowledge. From the time of the filing of this anwser until the final disposition of the cause, the complainant took no further steps in spite of motions made by the defendant from time to time. Finally, after having the cause set down for special hearing, the cause was submitted to the honorable T. L. Stewart, then Chancellor, at the March term of the Court in 1946, and on March 23, 1946, the Chancellor rendered a final decree, the pertinent parts of which are as follows:

"The cause, having been specially set for hearing upon application of the defendant's solicitor, and the cause, by consent of solicitors for the complainant and defendant, having been submitted to the Court without argument.

"Whereupon the Court, having read and considered the bill and the answer of defendant, is of the opinion and finds that the causes of action alleged in the bill are fully met and denied by the answer.

"It will, therefore, be decreed by the Court that the bill be dismissed at the cost of complainant.

"So decree and grant appeal, if desired, and allow time within which to perfect same."

No exception was taken by the complainants to this decree, nor was any appeal perfected therefrom. It was, in all respects, an adjudication upon the merits and a final decree.

Since we consider that the issues raised on the present appeal are determined by the decree entered in Cause No. 1127, it is unnecessary to consider the cumulative effect of the other four causes brought by these complainants on this same subject matter against these defendants, which are mentioned in the opinion of the Chancellor, as quoted above.

In Cause No. 1127, the rights of these same parties to this same subject matter, were determined on the same issues raised by the present bill. The complainants had every opportunity to raise all pertinent issues and produce all relevant proof. The Chancellor's decree of March 23, 1946, was a final determination of rights between these parties to this subject matter on the merits. Much of what we said on a similar set of facts in *Graybar Electric Co.* v. *New Amsterdam Cas. Co.*, 186 Tenn. 446, at 455 *et seq.*, 211 S. W. (2d) 903, is pertinent and controlling here.

It results that the decree of the Chancellor must be affirmed at the appellants' cost.

All concur.