THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HOWARD S. PALMER et al., as Trustees of the Property of NEW YORK, NEW HAVEN and HARTFORD RAILROAD COMPANY, Appellants.

Third Department, November 16, 1951.

*Edward R. Brumley, James D. O'Neill* and *Robert K. Mc-Cullen* for appellants.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown, Solicitor-General* and *Henry S. Manley* of counsel), for respondent.

BREWSTER, J.  In May, 1938, the Public Service Commission ordered the reconstruction of defendant's railroad crossing under the State's Brewster-Connecticut State Line Highway No. 1455, in the town of Southeast, Putnam County.  The work entailed was not performed under that order and related statutory provisions for the reason that shortly thereafter the project was placed on the Federal Aid Grade Crossing Program, 1938 Funds, as authorized by Federal statute (49 U. S. Stat. 1519–1521), under which it was completed in an undertaking by the " State highway " department, as was required.  (42 U. S. Stat. 212–215, § 12; U. S. Code, tit. 23, § 13.)  The undertaking was by contract with one Brogan as contractor.  Prior to its letting the State and the defendants entered into a written agreement concerning the project, and therein the railroad company agreed: " to participate in any costs which are not approved by the Federal authorities and paid for from Federal Funds "; and it was provided that the participation would be " in accordance with existing laws affecting similar work in this State ".  To

insure no interruption in the operation of defendant's trains the contract provided for the construction of a detour for their temporary operation in accordance with detailed plans and specifications which subsequent events proved to be impracticable, if indeed not impossible, of fulfillment. In consequence of a radical change in them by the substitution of a wholly different method of work performance, which was protractedly agreed to by the State and the railroad company, the cost of constructing the way for the detour was enhanced and Brogan sustained damages by the delayed performance of his contract caused by the change of plan. For these matters he recovered a judgment against the State after trial in the Court of Claims. That judgment the State has paid, and for reimbursement of one half thereof, as a part of the costs of the project which the defendants had agreed to share, this action was brought and recovery had after trial in the court below. Upon that trial there was, without objection, received in evidence substantially all the proofs which had been presented on the trial of the contractor's claim in the Court of Claims.

The additional cost of construction of the detour under the change of plan and the damages caused by the delayed performance were due to the fact that the original plan which both the State and the defendant had approved was unworkable. It was that plan which the defendant had agreed with the State would form, and did form, a part of the framework in the contract which it had agreed the State was to let, and which it did let to Brogan. The evidence is that the report of the borings, which may be said to have indicated the fault of the original plan, was made known to the defendants long prior to the time it approved of it. When subsequent developments necessitated the modification the railroad company participated in the negotiations incident thereto, at first disapproving the alteration as initially proposed by the State and later approving the modified plan which was carried out. The genesis of all the difficulties born of the fault in the original plan bore upon a subject matter of direct concern to the railroad company, viz.: the construction of a detour for the continued operation of its train service during the construction work of its new highway crossing.

It is conceded that under applicable statutes the railroad company's agreement with the State called upon it to bear one half of the *costs* of the project, as aforestated; and the uncontradicted proof is that the costs in controversy were disapproved and not paid from Federal funds. That in the State's submission of them for approval and payment it did not separately

submit the items thereof or omit the items of damages paid for delayed performance, such, upon the record before us we consider irrelevant.

In a commonly understood and general sense the word "costs", when not used as a word of art, is synonymous with expense or detriment, and connotes loss of any kind incurred to secure a benefit. In the defendants' agreement with the State we construe it as so employed. It was not otherwise defined. The proof is that the sum here sued for was, in that sense, a part of the cost of the project which the railroad company had agreed to bear. The State was acting for both itself and the defendants in letting the contract to Brogan. Their joint supervision over the work involved in the construction of the detour was provided for in Brogan's contract and exercised. Conscious conduct on the part of each party contributed in producing the situation which resulted in all the unanticipated costs of the project which are in question and which the State has been obliged to pay. Had such costs or part thereof been attributable solely to the act or neglect of the State, a different situation would, of course, be presented, as it was in the case of *Matter of City of Mt. Vernon* v. *New York, N. H. & H. R. R. Co.* (208 App. Div. 738, affd. 240 N. Y. 586).

In our opinion the proofs establish the cause of action sued upon and the judgment should be affirmed.

FOSTER, P. J., HEFFERNAN, BERGAN and COON, JJ., concur.

Judgment affirmed, with costs. [See *post*, p. 835.]