Arthur D. Brennan, J.
Tbe defendants, other than the defendant insurance company, seek to dismiss the complaint herein as against them, pursuant to subdivision 4 of rule 107 *714 of the Rules of Civil Practice, upon the ground that there is an existing final determination of a court of competent jurisdiction rendered on the merits, determining the same causes of action between the plaintiffs and the movants.
It appears that in January of 1959 the plaintiffs instituted an action against the movants for personal injuries and property damages alleged to have been sustained by them as a result of an accident (involving two motor vehicles) which occurred in September of 1955. Thereafter, the defendants in that action (who are the present movants) moved to dismiss the complaint therein upon the ground that the Statute of Limitations was a bar to the causes of action alleged therein. That motion, made pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice, came on to be heard before Mr. Justice Bailey. In opposition to said motion, the plaintiffs submitted an answering affidavit and contended that the defendants, by their acts and conduct, had waived and were estopped from asserting the Statute of Limitations, as a defense, in that said defendants had lulled the plaintiffs into the belief that their claims would be settled and that no legal action was or would be necessary. After a consideration of the affidavits presented by both sides, Justice Bailey rendered an opinion, dated April 17, 1959, granting the motion and an order was entered on June 29, 1959 dismissing the complaint. In July of 1959, the plaintiffs commenced the present action and in and by the first three causes of action alleged in the complaint, they again seek to recover for the same personal injuries and property damage as alleged in the complaint in the first action. However, in the complaint in the present action, the plaintiffs allege certain additional allegations wherein they assert that the moving defendants, by their aforesaid acts and conduct, had waived and were estopped from asserting the Statute of Limitations, as a defense.
It is clear that when Mr. Justice Bailey made his determination, as above mentioned, he found: (1) that a period of more than three years having elapsed between the date of the accident and the time when the said first action was instituted, the Statute of Limitations ivas a valid bar to the action; and (2) that the showing made and presented by the plaintiffs in opposition to said motion to dismiss the complaint was insufficient, in fact and in law, to avoid the bar of the Statute of Limitations.
In this court’s view, the order of Mr. Justice Bailey having been entered on a motion made pursuant to rule 107 of the *715 Bules of Civil Practice and directing the dismissal of the complaint on the ground that the Statute of Limitations had run, was a determination on the merits. (Potter v. Emerol Mfg. Co., 275 App. Div. 265; Miller v. National City Bank of N. Y., 166 F. 2d 723.) So, too, said order of dismissal was not an interlocutory or provisional order, but constituted a final and conclusive determination of the issues presented; and to an order of this latter category, the doctrine of res judicata may apply. (Bannon v. Bannon, 270 N. Y. 484.) It has been held that the doctrine of res judicata not only bars a second action upon an identical cause, but it also applies even where the causes of action are distinct, provided there is a material issue common to both actions; and a material issue includes any issue of fact the determination of which is necessary to and in connection with the determination of the main issue. (House v. Lockwood, 137 N. Y. 259; Pearson v. Pearson, 104 Misc. 675, 679.) The main issue in both actions consists of the plaintiffs’ right to recover damages by reason of the alleged negligence of the movants. Of equal, if not prior, importance in each action are the material issues of whether the Statute of Limitations was a bar and whether the plaintiffs were able to and did present a sufficient showing to avoid said bar. Since on the aforesaid motion which was heard by Mr. Justice Bailey, these material issues, common to both actions, were passed upon and determined adversely to the plaintiffs and it appearing that no appeal was taken from said order, these plaintiffs may not relitigate said issues in this action. (Cf. Hope v. Seaman, 119 N. Y. S. 713, mod. on other grounds 137 App. Div. 86, affd. 204 N. Y. 563.) In the light of the presence of the aforesaid issues, common to both actions, this court is of the opinion that the former action and the present action ‘ ‘ have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first ’ ’, and in such circumstances, the plea of res judicata must be sustained. (Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304.)
Accordingly, the motion to dismiss is granted with respect to the first, second and third causes of action alleged in the present complaint as against the movants herein. In view of this disposition, this court does not deem it necessary to pass upon the companion motion made by these movants for a dismissal of said three causes of action pursuant to subdivision 5 of rule 107 of the Buies of Civil Practice. It may be noted that the subject complaint contains a fourth cause of action in favor *716 of the plaintiffs against the defendant insurance company only. As this latter defendant has made no motion with respect to said fourth cause of action, the same has not been considered and this court expresses no views with respect thereto.
Settle order on notice.