Edgar J. Nathan, Jr., J.
Defendant moves, pursuant to rule 107 of the Buies of Civil Practice for dismissal of the first cause of action contained in the amended complaint, upon the ground that it is barred by the Statute of Limitations.
In the second cause of action set forth in the original complaint, plaintiff alleged that defendant on May 23, 1958, published a certain libelous letter addressed to the New York State Department of Labor, Division of Employment, stating as cause for plaintiff’s discharge that she was a “ Trouble-maker That cause was dismissed ou motion, upon the ground that the letter is privileged (Breuer v. Bo-Craft Enterprises, 8 Misc 2d 736). It was further stated in the opinion that the complaint fails to plead that the alleged libel was published to the employees of the defendant, and accordingly leave to serve an amended complaint was granted.
In the present pleading, plaintiff alleges that for some time prior to May 23, 1958, and thereafter, the defendant published *206 a pertain libel, asserting in writing that it had discharged übe plaintiff because she was a u Trouble-maker ”, and did cause the writing to be published and circulated among certain of its office employees and to become a part of its interoffice memoranda and records as permanent parts of the written records kept and maintained by the defendant. Such records and memoranda were prepared by office employees of the defendant and are open and will continue to be open to the inspection and perusal of its employees.
While permission to replead was granted, by reason of the plaintiff’s failure in the original complaint to allege that the libelous letter was published to the employees, nevertheless, coincidental exposure to employees in the course of the dispatch of a privileged letter does not cause the loss of privilege. In any event, the alleged libel set forth in the amended complaint is not by letter but by a writing constituting an office record or memorandum. The alleged libel as set forth constitutes a single publication, and it must he deemed to have occurred, and the claimed cause of action based thereon to have accrued, more than one year prior to the service of the amended complaint on February 15, 1960.
The motion is granted dismissing the first cause of action. Settle order.