Louis L. Friedman, J.
In this action founded on an alleged libel contained in a press dispatch issued by defendant, said defendant moves to dismiss the complaint (a) pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice, upon the ground that the cause of action pleaded in the complaint is barred by the one-year Statute of Limitations applicable to actions for libel or slander (Civ. Prac. Act, § 51), and (b) pursuant to subdivision 4 of rule 107 of the Rules of Civil Practice, upon the ground that there is an existing final order of the court, rendered on the merits, determining the cause of action for libel pleaded in the instant complaint.
The complaint alleges that the defendant’s press dispatch which contained the offending material was datelined May 15, 1959; that it was transmitted to the Washington (D. C.) Post and other newspapers by defendant and that it appeared in public print on May 16,1959.
It appears from the papers submitted on this motion, that a prior action by plaintiff against defendant, based on the same publication, had been instituted on December 8, 1961, by service of a summons and complaint; that the defendant moved for dismissal of that action upon the ground that the applicable one-year Statute of Limitations barred the cause, and on the further ground that the complaint did not state facts sufficient to constitute a cause of action for invasion of the right of privacy. It *904 appears further that on January 16, 1962, an order of this court (Corre, J.) was made and entered, dismissing the complaint. Since said order contained no provision granting leave to replead, judgment in favor of defendant was thereafter entered.
The complaint in the present action is basically a replica of the previous one except for the absence of allegations of an alleged invasion of plaintiff’s privacy. Thus, the action is still one based upon an alleged libel.
It is well settled that a cause of action for libel accrues on the date of the publication, and the one-year Statute of Limitations applies (Civ. Prac. Act, § 51; Gregorie v. Putnam’s Sons, 298 N. Y. 119; Toomey v. Farley Assn., 2 N Y 2d 71; Hartmann v. Time, Inc., 60 N. Y. S. 2d 209, affd. 271 App. Div. 781, motion for leave to appeal denied 271 App. Div. 826 and 296 N. Y. 1058; Mandell v. Terminal Beauty Shop, 23 Misc 2d 205; National Cancer Hosp. of America v. Confidential, Inc., 151 N. Y. S. 2d 443). From the facts and circumstances herein appearing, it would appear that the present action, as was the prior action for libel, is barred by virtue of the elapse of more than one year between date of publication of the alleged libel and commencement of action.
Plaintiff argues, however, that his cause of action did not accrue until January 11, 1961, because on that date the New York Stock Exchange, in answer to a complaint which was made, denied that it had made the announcement reflecting on the plaintiff which defendant’s press dispatch attributed to said exchange. Plaintiff argues that since it did not appear until the date of such denial, to wit: January 11, 1961, that the publication by defendant was untrue, his cause did not accrue until that date and the one-year period of the Statute of Limitations began to run at that time.
Plaintiff’s contention is overruled. It is the publication of the false material which forms the basis for an action in libel, and said-action accrues when the publication is actually made. It is at that time that the statute begins to run. The mere fact that plaintiff was not armed prior to January 11, 1961, with proof that the publication was false, is insufficient to justify a conclusion that the cause of action did not accrue until plaintiff was so fortified. If plaintiff’s contention is here upheld, the limitation on every type of action would be automatically extended until the plaintiff therein was possessed of the proof necessary to establish his cause. That is not the law. The cause of action accrues when the tort takes place and not when the plaintiff is supplied with the proof sufficient to sustain his cause of action (cf. Green v. Time, Inc., 147 N. Y. S. 2d 828, affd. 1 A D 2d 665, affd. 3 N Y *905 2d 732). In. any event, plaintiff’s action was commenced more than one year after January 11, 1961, since it appears from the moving affidavit of Thomas A. Diskin, Esq., that service in this action was made on January 18, 1962.
Also devoid of merit is plaintiff’s argument that the complaint also makes out a cause of action for malicious and injurious falsehood in the nature of an action on the case. Since this action is essentially one for libel, the plaintiff cannot avoid the application of the Statute of Limitations governing such an action by seeking to plead his cause in the form of a prima facie tort (Green v. Time, Inc., supra, p. 829 and cases there cited).
In addition, the order of this court in the prior action furnishes an additional valid ground of objection to maintenance of the present action for libel (Raymond v. Fogarty, 18 Misc 2d 713; see Eidelberg v. Zellermayer, 5 A D 2d 658).
Accordingly, the motion to dismiss is granted.