## GIVENS *v.* GIVENS.

(*Jackson*, April Term, 1948.)

Opinion filed June 12, 1948.

PIGFORD & KEY, of Jackson, for complainant.

VESTER BRADY and H. CARMACK MURCHISON, both of Jackson, for defendant.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The sole question presented on this appeal is: Have the Courts of this State the authority to annul the judgments and decrees of a sister state?

The parties herein were first married in 1911. They have lived in Madison County, Tennessee, for over twenty-five years. They were divorced and remarried. After the second marriage they again were unable to make a go of the marriage when the appellant, wife, sued for and was granted separate maintenance. While in this state of domestic separation, the husband, appellee, went into the State of Arkansas, established a residence there to the satisfaction of the Courts of that State, and procured a final divorce from his wife. When she learned of this divorce she filed the present cause of action in which she seeks only: "that the Court decree that said alleged divorce decree obtained in the State of Arkansas and under the circumstances outlined, is absolutely null and void and of no effect and that the same be cancelled and set aside and for nothing held."

The theory of the bill on which the above quoted prayer is based is that the decree of the Arkansas Court is fraudulent because of the fraud of the husband in establishing a residence or domicile there. It is therefore urged that the Chancery Courts of this State have power and jurisdiction to set aside said Arkansas decree.

If this were a suit to set aside a decree or judgment of a Court of this State for fraud it might be entertained, as are original actions, with all the attendant requisites (venue, burden of proof, etc.) of original suits. Many such actions have been entertained by our Chancery Courts as in *Barbra* v. *Barbra,* 170 Tenn., 559, 98 S. W.

554

(2d) 89. Such an action is likewise entertained by the Chancery Courts of this State wherein other relief is sought and the decree of a foreign state is collaterally attacked. This situation usually arises where a divorce is here sought and the foreign divorce is plead or sought to be interposed as a defense to the local action. Under such circumstances the validity of the foreign divorce is gone into and, in the absence of personal service on the local plaintiff where the foreign decree was obtained, laches or something of the kind, the local courts refuse to recognize the foreign decree. We do not have such a situation here. This is a direct attack on the judgment of a foreign court. It is a prayer only to hold that the judgment of the foreign court is a nullity.

■ In 21 C. J. S., Courts, sec. 552, at page 858, we find the following statement:

"A court of one state has no authority to modify, vacate, or annul the judgment or decree of a court of another state or country, and determination by a court that a judgment or decree of a court of another state was rendered without jurisdiction does not have the effect of vacating such judgment or decree in the latter state."

■ On principle and reason this seems a sound rule because (1) the courts of each state have machinery within the particular state to enforce their judgments and decrees while they do not possess such machinery to enforce them in a foreign state, and (2) the courts of each state have the right to determine their own jurisdiction and cannot be prevented from doing so by a sister state. See *Husband* v. *Crockett*, 195 Ark. 1031, 115 S. W. (2d) 882.

■ The identical question here presented was determined in *McKisson* v. *McKisson*, 179 La. 593, 154 So. 618, 619, as follows:

"The case is not one in which defendant is seeking to enforce in this state the judgment obtained by him in the state of Texas, nor is it one in which the judgment is set up as a defense to the plaintiff's demand. Hence we do not think we are called upon at this time to decide whether the judgment of the Texas Court is entitled to the protection of the full faith and credit clauses of the Federal Constitution (article 4, 1), or whether it is without force or effect in this state as to plaintiff or her matrimonial status. The only question for decision presently before the court is whether the civil district court for the parish of Orleans has jurisdiction to annul the judgment of the district court at Houston, Texas, and our conclusion is that it has not such jurisdiction."

We adopt the statement last above quoted as the applicable principle to follow herein.

For the reasons assigned the decree below must be affirmed.

All concur.