Arthur **BAILEY,** et al.

v.

Michael **SNEED,** et al.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Feb. 16, 2001.

Permission to Appeal Denied by Supreme Court June 18, 2001.

328

Michael H. Sneed, Nashville, TN, for appellants, Michael H. Sneed, and Davis, Sneed, Roberts and Cain.[1]

John B. Ingleson, Murfreesboro, TN, for appellees, Arthur Bailey, David Henson, and James White.

---

1. Just before the oral argument in this case the court was notified that Michael H. Sneed had lost his license to practice law in this state. The court, however, allowed him to argue on his own behalf. The appeal of the association was taken on briefs.

## OPINION

CANTRELL, P.J., M.S., delivered the opinion of the court, in which KOCH, and COTTRELL, JJ., joined.

Three judgment creditors of the appellants filed their foreign judgment in the Chancery Court of Davidson County seeking to enforce the judgment pursuant to Tenn.Code Ann. § 26–6–101, et seq. After the chancellor entered an order enforcing the foreign judgment, the judgment debtors moved to set the order aside. The chancellor overruled the motion. We affirm.

### I.

Tenn.Code Ann. § 26–6–101, et seq. is Tennessee's version of the Uniform Enforcement of Foreign Judgments Act. All it requires for enforcement of a foreign judgment in Tennessee is that the authenticated judgment be filed with the clerk of any circuit or chancery court, Tenn.Code Ann. § 26–6–104(b). Execution is stayed for thirty days, Tenn.Code Ann. § 26–6–105(c), and the judgment debtor(s) may appear and show why enforcement of the judgment should be stayed. Tenn.Code Ann. § 26–6–106(b).

In this case the appellants did nothing for fifty-six days, despite being served with a motion for default. They filed a "Response to the Motion for Default Judgment" in which they asserted that they were preparing an answer showing a legitimate defense. When the appellants did nothing more for twenty-two additional days the court entered an order enforcing the foreign judgment.[2]

2. It does not appear that the entry of the order was necessary, but as the plaintiffs' lawyer explained to the court it is hard to get a clerk to issue an execution without an order of the local court.

The appellants then moved to set aside the default judgment and to alter or amend the court's order. The motion asserted again that the appellants had a "legitimate" defense. The motion also asserted that the appellants had filed an answer, but the record reflects that the answer was not filed until twenty-three days later—one day before the court's hearing on the motion. The answer contained the following defenses:

1. The judgment sought to be enforced herein is contradicted by a judgment of Dismissal of the same case by a court of competent jurisdiction. The judgment of Dismissal supersedes the judgment in the subject case and therefore the subject judgment should be stayed.

2. The Defendant, Davis, Sneed, Roberts and Cain is not a legal entity upon which a judgment may have legal effect. Davis, Sneed, Roberts and Cain is a name used to describe a group of independent attorneys who practiced law together several years ago. Therefore, this judgment is a nullity as to this defendant.

At the hearing the appellants did not offer any proof—not even a copy of the other judgment referenced in the motion. Nor did they offer any legal authority to sustain their argument. They simply asked for more time to brief the issues. The chancellor overruled the motion.

## II.

■ At the hearing below the chancellor expressed the opinion that to get relief from the judgment the appellants' burden was the same as it would be under Rule 60, Tenn.R.Civ.P. We think the chancellor was exactly right. Under the Uniform Act, the foreign judgment may be enforced after it has been on file for thirty days and the judgment debtors do not show that the judgment is on appeal or has been stayed where it was rendered. Tenn. Code Ann. § 26–6–106(a). Otherwise, "once a foreign judgment has been enrolled, it has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating or staying as a judgment of a court of record in Tennessee and may be enforced or satisfied in a like manner." *Coastcom, Inc. v. Cruzen,* 981 S.W.2d 179 at 181 (Tenn.Ct. App.1998). The grounds and procedures for vacating or reopening foreign judgments are those contained in Rule 60.02, Tenn.R.Civ.P. *Id.*

■ A final judgment may be set aside if it is void. Tenn.R.Civ.P. 60.02(3). It appears to us that this is the ground on which the appellants rely, but, aside from the lack of proof of the conflicting judgment or of the relationship of the association, there is a resounding lack of authority to support the appellants' argument. They do cite *McCall v. Owens,* 820 S.W.2d 748 (Tenn.Ct.App.1991) and *Slaten v. Earl Campbell Clinic Hospital,* 565 S.W.2d 483 (Tenn.1978) for the proposition that in the case of inconsistent *judgments* both judgments are void. Both cases, however, deal with inconsistent *verdicts* based on the same set of facts. There is nothing in this record to indicate that those cases have any application here. With respect to the second issue, the appellants do not cite any authority at all.

■ For these reasons alone we think the lower court should be affirmed, but there is another reason why the appellants' arguments fail. Since this is a foreign judgment, Article 4, Section 1 of the United States Constitution requires us to give it full faith and credit. That is, the same effect it would be given where it was rendered. *Roche v. McDonald,* 275 U.S. 449, 48 S.Ct. 142, 72 L.Ed. 365 (1928); *Graybar*

*Electric Co. v. New Amsterdam Casualty Co.,* 186 Tenn. 446, 211 S.W.2d 903 (1948). Therefore, when the judgment is attacked here, the focus should be on what effect the attack would have in the forum that rendered the judgment. The appellants have failed to address that issue at all.

The judgment of the trial court is affirmed. The cause is remanded to the Chancery Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to Michael H. Sneed and Davis, Sneed, Roberts and Cain, Principals, and Michael H. Sneed, Surety.