# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### ASSIGNED ON BRIEFS MAY 7, 2009

## PEARL EQUIPMENT, LLC v. CARTWRIGHT CONSTRUCTION CO.

**Direct Appeal from the Chancery Court for Montgomery County**
**No. FD-07-16      Laurence M. McMillan, Jr., Chancellor**

---

**No. M2008-01109-COA-R3-CV - Filed September 2, 2010**

---

This appeal involves a judgment creditor's attempt to enforce a foreign judgment entered by a Mississippi court against a Tennessee corporation. The Tennessee corporation moved to dismiss, contending that service of process was improper in the Mississippi action. The trial court found that the Tennessee corporation was not properly served, and it dismissed the petition. The judgment creditor appeals. We reverse and remand for further proceedings.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Marshall T. Cook, Susan R. High-McAuley, Hendersonville, Tennessee, Douglas C. Noble, W. Brett Harvey, Jackson, Mississippi, for the appellant, Pearl Equipment, LLC

No Appearance on Behalf of the appellee, Cartwright Construction Co.

# OPINION[1]

## I. FACTS & PROCEDURAL HISTORY

Pearl Equipment, LLC ("Plaintiff") obtained a default judgment against Cartwright Construction Company ("Defendant") in the Circuit Court of Jefferson Davis County, Mississippi. Defendant is a corporation located in Clarksville, Tennessee. Plaintiff had attempted service of process on Defendant by certified mail.

Plaintiff then filed a petition in the Chancery Court of Montgomery County, Tennessee, seeking to enroll and enforce the foreign judgment. Defendant filed a "Motion to Dismiss Registration of Foreign Judgment and Stay Enforcement," contending that the Mississippi judgment was void because Plaintiff had not served its registered agent for service of process. Defendant submitted the affidavit of its registered agent for service of process, Corey Cartwright, who stated that he was not served with the summons and complaint in the Mississippi action, and that he "was not aware of a lawsuit being filed in order to have an opportunity to be heard and make a defense before judgment was entered." He also stated that the signature on the certified mail receipt relied upon by Plaintiff "appear[ed] to be from a former employee of Cartwright Construction, Inc. who was terminated, and who was neither an officer [n]or managing agent of said company." He further stated that he was never made aware of the summons being received by said employee. Mr. Cartwright stated that he had never authorized the former employee to accept service of process on his behalf or on behalf of Defendant, and that Defendant did not authorize the employee to accept service of process either.

Plaintiff filed a response, claiming that service was proper pursuant to the Mississippi Rules of Civil Procedure. Plaintiff attached the proof of service and the certified mail receipt, which indicated that the summons was sent by certified mail and addressed to Corey Cartwright at a Clarksville, Tennessee address.

Following a hearing, the trial court found that service of process was improper based upon the undisputed evidence that the individual who signed the certified mail receipt was not the Defendant's registered agent for service of process, nor had he been given authority to accept service of process on behalf of the corporate defendant or on behalf of the

---

[1] This appeal was submitted on brief May 7, 2009. The case involves Mississippi law and an interpretation of the Mississippi Rules of Civil Procedure. Because the question we were asked to decide was pending before the Supreme Court of Mississippi, we entered an order holding this appeal in abeyance on October 2, 2009, pending the Mississippi Supreme Court's decision. The Mississippi Supreme Court issued its decision on August 19, 2010.

registered agent. Therefore, the court concluded that the Mississippi judgment was void and not entitled to enforcement under Tennessee law. Plaintiff timely filed a notice of appeal.

## II.  ISSUES PRESENTED

Plaintiff presents the following issues, as we perceive them, for review:

1.  Whether the trial court erred in finding that service of process was not properly obtained under the Mississippi Rules of Civil Procedure;
2.  Whether the trial court should have stayed or dismissed Defendant's motion to dismiss in order to allow a Mississippi court to rule on whether service of process was proper by means of a Rule 60 motion.

For the following reasons, we reverse the decision of the chancery court and remand for further proceedings.

## III.  STANDARD OF REVIEW

Whether to grant full faith and credit to a foreign judgment is a question of law, which we review de novo with no presumption of correctness. *First State Bank of Holly Springs, Mississippi v. Wyssbrod*, 124 S.W.3d 566, 573-74 (Tenn. Ct. App. 2003).

## IV.  DISCUSSION

"Foreign judgments are ordinarily entitled to full faith and credit in Tennessee's courts." *Biogen Distributors, Inc. v. Tanner*, 842 S.W.2d 253, 256 (Tenn. Ct. App. 1992). However, in a limited number of circumstances, a foreign judgment may be denied full faith and credit. *Hart v. Tourte*, 10 S.W.3d 263, 269 (Tenn. Ct. App. 1999) (citing *Benham v. Fisher*, 650 S.W.2d 759, 760 (Tenn. Ct. App. 1983)). Under the Uniform Enforcement of Foreign Judgments Act,

> (a) A copy of any foreign judgment authenticated in accordance with the acts of congress or the statutes of this state may be filed in the office of the clerk of any circuit or chancery court of this state.
> (b) The clerk shall treat the foreign judgment in the same manner as a judgment of a court of record of this state.
> (c) A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a court of record of this state and may be enforced or satisfied in like manner.

Tenn. Code Ann. § 26-6-104. Thus, an enrolled foreign judgment, treated in the same manner as a judgment of a court of record of this state, and subject to the same defenses, may be attacked on the grounds found in Tennessee Rule of Civil Procedure 60.02.[2] *Howard Johnson, Inc. v. Holyfield*, No. W2008-02405-COA-R3-CV, 2009 WL 1349197, at *2 (Tenn. Ct. App. May 14, 2009); *Wyssbrod*, 124 S.W.3d at 573; *Hart*, 10 S.W.3d at 269. "Because Rule 60.02(3) permits a court to set aside a judgment if that judgment is void, Tennessee courts will commonly refuse to give full faith and credit to a foreign judgment where the court entering the foreign judgment had no personal jurisdiction." *Howard Johnson*, 2009 WL 1349197, at *3. If the court rendering the judgment lacked personal jurisdiction over the parties, the judgment is void and not entitled to full faith and credit in this state. *Tareco Props., Inc. v. Morriss*, No. M2002-02950-COA-R3-CV, 2004 WL 2636705, at *9 (Tenn. Ct. App. Nov. 18, 2004).

"The duty of the courts of this state is to give such effect to a foreign judgment as would the courts of the jurisdiction where the judgment was entered." *Tareco Props.*, 2004 WL 2636705, at *10 (citing *Graybar Elec. Co. v. New Amsterdam Cas. Co.*, 211 S.W.2d 903, 904-05 (Tenn. 1948); *Biogen Distributors*, 842 S.W.2d at 256; *Four Seasons Gardening & Landscaping, Inc. v. Crouch*, 688 S.W.2d 439, 442 (Tenn. Ct. App. 1984)). As such, when a foreign judgment is attacked here, "'the focus should be on what effect the attack would have in the forum that rendered the judgment.'" *Id.* (quoting *Bailey v. Sneed*, 49 S.W.3d 327, 330 (Tenn. Ct. App. 2001)). When the rendering court's jurisdiction over the parties is attacked, we must look to the law of the jurisdiction where the judgment was entered. *Id.* A party seeking to challenge a foreign court's jurisdiction must demonstrate that the foreign court did not acquire jurisdiction under the law of the state where the judgment was obtained. *Biogen Distributors, Inc.*, 842 S.W.2d at 256 (citing *Four Seasons Gardening*, 688 S.W.2d at 442). Thus, we look to Mississippi law in order to determine whether the Circuit Court

---

[2] As the Court explained in *W & T, Inc. v. Ham*, No. M2006-01617-COA-R3-CV, 2009 WL 225256, at *2 (Tenn. Ct. App. Jan. 29, 2009) (citations omitted):

It has consistently been held that the grounds to set aside a judgment under Rule 60 are the same defenses to enforcement of a foreign judgment under Tenn. Code Ann. § 26-6-104(c). It should be noted, however, that a Tennessee court does not have jurisdiction to set aside a foreign judgment. There is a distinction between setting aside a domestic judgment under Rule 60 and refusing to enforce a foreign judgment under the Act. Rule 60 provides the *grounds* under the Act whereby a *foreign* judgment will not be *enforced* in Tennessee but *not* the grounds to *set aside* a foreign judgment.

"'A court of one state has no authority to modify, vacate, or annul the judgment or decree of a court of another state or country, and determination by a court that a judgment or decree of a court of another state was rendered without jurisdiction does not have the effect of vacating such judgment or decree in the latter state.'" *Givens v. Givens*, 212 S.W.2d 377, 378 (Tenn. 1948) (quoting 21 C.J.S. *Courts* § 552, at p. 858).

of Jefferson Davis County had jurisdiction over Defendant.

"In order for a court to enter a default judgment, the court must have had jurisdiction and proper service of process." **_Franklin Collection Serv., Inc. v. Stewart_**, 863 So.2d 925, 929 (Miss. 2003) (citing _McCain v. Dauzat_, 791 So.2d 839, 842 (Miss. 2001)). Mississippi Rule of Civil Procedure 4 provides, in relevant part:

> **(c) Service**
>
> > . . . .
> >
> > (5) _Service by Certified Mail on Person Outside State_. In addition to service by any other method provided by this rule, a summons may be served on a person outside this state by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested. Where the defendant is a natural person, the envelope containing the summons and complaint shall be marked "restricted delivery." Service by this method shall be deemed complete as of the date of delivery as evidenced by the return receipt or by the returned envelope marked "Refused."
>
> **(d) Summons and Complaint: Person to Be Served**. The summons and complaint shall be served together. Service by sheriff or process server shall be made as follows:
>
> > . . . .
> >
> > (4) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.

Thus, subsection (c)(5), governing service by certified mail on persons outside the state, requires "sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested." Subsection (d)(4), however, provides that service by sheriff or process server shall be made upon a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." In this case, Defendant contended that the two subsections should be read together to require that service by certified mail be made upon a corporation's officer or authorized agent. The trial court agreed and found that service was improper because it was undisputed that the former employee who signed the return receipt was neither an officer nor an authorized agent.

After Plaintiff appealed to this Court, the Court of Appeals of Mississippi issued an opinion in which it interpreted Rule 4 as the trial court did in this case, holding that the two subsections "must be read jointly." *Flagstar Bank, FSB v. Danos*, No. 2007-CA-00418-COA, 2008 WL 5064953, at \*8 (Miss. Ct. App. Dec. 2, 2008) (en banc) *reh'g denied* (Mar. 31, 2009). Thus, the Court held that "If service is attempted by certified mail upon a corporation under Rule 4(c)(5), but is delivered to a person not designated to receive process under Rule 4(d)(4), then the process fails." *Id.* However, four judges dissented, concluding that "for service to have been complete and effective under Rule 4(c)(5), all that was required was for the letter to have been sent by certified mail, return receipt requested, [and] addressed to [the defendant]'s registered agent for service of process." *Id.* at \*11 (Irving, J., dissenting). The Supreme Court of Mississippi granted the appellant's Petition for Writ of Certiorari in *Flagstar Bank* on June 11, 2009. On October 2, 2009, we entered an order holding the proceedings in the instant appeal in abeyance pending the Mississippi Supreme Court's resolution of the issue in *Flagstar Bank*. The Mississippi Supreme Court released its opinion in *Flagstar Bank* on August 19, 2010.

According to the Mississippi Supreme Court, subsection (d)(4), requiring delivery to an authorized agent, is inapplicable to the situation at hand, and only subsection (c)(5), addressing service by mail, is at issue. *Flagstar Bank, FSB v. Danos*, --- So.3d ----, 2010 WL 3259803, at \*4 (Miss. 2010). The Court explained:

> As the Court of Appeals' dissent pointed out, Rule 4(c)(5) is silent with regard to whether someone other than the registered agent for service of process for a corporation may sign for a certified letter addressed to the registered agent. So too are the statutes. What is clear, however, from the standpoint of the efficacy of service of process on a foreign corporation by way of certified letter, is that the letter must be properly addressed to the person authorized to receive process on behalf of the corporation and actually delivered to that address.

*Id.* According to the Court, "[t]o hold otherwise would work an illogical burden on plaintiffs who have no control over a corporate defendant's internal operating procedures, such as how mail rooms are run." *Id.* at \*5.

In the case before us, Defendant does not contend that the summons was not "properly addressed to the person authorized to receive process on behalf of the corporation" or that it was not "actually delivered to that address." Thus, service of process was proper in accordance with Rule 4 of the Mississippi Rules of Civil Procedure, and we reverse the trial

court's finding that the Mississippi judgment was void for insufficient service of process.[3]

We note, however, that the affidavit submitted by Defendant in this case stated that Mr. Cartwright "was not aware of a lawsuit being filed in order to have an opportunity to be heard and make a defense before judgment was entered." It appears that the trial court's decision to dismiss Plaintiff's petition was solely based on the issue of insufficient service of process. While we reverse the trial court's decision in that regard, on remand, the court is not precluded from considering whether Defendant's alleged lack of notice of the lawsuit otherwise supports relief under Rule 60.02.[4] As noted above, a foreign judgment may be attacked on the grounds found in Tennessee Rule of Civil Procedure 60.02. *Holyfield*, 2009 WL 1349197, at *2; *Wyssbrod*, 124 S.W.3d at 573; *Hart*, 10 S.W.3d at 269.

---

[3] Plaintiff argued on appeal that the trial court should not have ruled on the issue of service but "should have stayed or dismissed [Defendant]'s motion to dismiss registration, thereby allowing a Mississippi court to decide the adequacy of service by means of a Rule 60(b) motion." Plaintiff contends that this Court should do the same rather than deciding the issue. Plaintiff contends that the trial court was forced to use its "best guess" as to the proper interpretation of Mississippi law regarding service of process.

There is nothing in the record to indicate that Defendant intended to file a Rule 60 motion in the Mississippi court. Again, a foreign judgment filed in Tennessee "is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a court of record of this state[.]" Tenn. Code Ann. § 26-6-104. In *Hart*, 10 S.W.3d at 270, a plaintiff argued that a defendant had waived his right to challenge a California judgment by failing to attack it in a California court. The Court rejected that argument, stating:

> In the instant case, [the plaintiff] is attempting to use a court of this state to enforce his judgment. This is certainly appropriate under the Uniform Enforcement of Foreign Judgments Act, T.C.A. § 26-6-101, *et seq.;* but, by the same token, it is likewise appropriate that [the defendant] be afforded an opportunity to resort to the same court to pursue his attack on the validity of the proffered judgment, under the well-established law pertaining to relief under Rule 60.02, Tenn. R. Civ. P.

We find no merit in Plaintiff's argument that it was improper for the trial court to determine whether service was proper when Plaintiff sought to enroll and enforce his judgment in Tennessee. In any event, Plaintiff's concern about this Court employing its "best guess" as to the proper interpretation of Mississippi Rule of Civil Procedure 4 is no longer relevant, as the Mississippi Supreme Court settled the issue in *Flagstar Bank*.

[4] In his dissenting opinion in *Flagstar Bank*, Justice Dickinson recognized that "according to the Plurality, valid service of process may be obtained on a foreign corporation, even in a case where the undisputed facts establish that the process never reached any person authorized to receive it and no person associated with the defendant was aware of the lawsuit." --- So.3d ----, 2010 WL 3259803, at *12 (Dickinson, J., dissenting).

## V. CONCLUSION

For the aforementioned reasons, we reverse the decision of the chancery court and remand for further proceedings. Costs of this appeal are taxed to the appellee, Cartwright Construction Co., for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.