DICKINSON, Presiding Justice,
concurring in part and in result:
¶ 18. I join the majority’s decision to remand this case to the trial court to consider discretionary-function immunity in light of Brantley,[3] but I conclúde that the Rankin County School District has not waived its immunity argument for a reason different from that articulated by the majority.
¶ 19. When the District moved for summary judgment based on discretionary-function immunity, the plaintiff argued that immunity did not attach to the District’s alleged misconduct. After the trial judge granted summary judgment for the District, the plaintiff "filed a motion for reconsideration under Mississippi Rule of Civil Procedure 59 and then asserted, for the first time, that the District had waived its immunity.
¶ 20. Because the plaintiff never asserted waiver before summary judgment was entered, I would find the issue of waiver is procedurally barred. We have recognized that a plaintiff may be procedurally barred from arguing that a ‘defendant waived an affirmative defense:
This Court has held that “absent extreme and unusual circumstances — an eight-month unjustified delay in the asserting and pursuing a dispositive affirmative defense, coupled with active participation in the litigation process, constitutes waiver as a matter of law.” In order to raise such an argument before this Court, however, Anderson and Harris must have first raised this argument in the trial court — which they did not. We will not consider issues raised for the first time on appeal.[4]
¶ 21. And, though we have not addressed this issue in the Rule 59 context, federal courts have recognized. that our rule’s federal counterpart does not afford litigants the opportunity to present new arguments.[5] I agree and would hold that *622 the same procedural bar applies with respect to our Rule ;59.
¶22. Justice Kitchens states that “[a] movant cannot assert that there is an ‘intervening change in controlling law5 or ‘availability of new evidence not previously available’ and not simultaneously proclaim a novel argument - which had not been ■made in the -trial court previously.” I agree. But neither intervening, authority, nor new evidence, is at issue in this case. Even Justice Kitchens, himself, argues only that Rule 59 relief was warranted based on “an apparent need to correct a clear error of the law and to prevent a manifest injustice,” which possesses no connection to the limited circumstances in which new arguments may be presented. Certainly, a litigant cannot claim manifest injustice based on his own failure to raise an argument.
RANDOLPH, P.J., JOINS THIS OPINION. WALLER, C.J., JOINS .THIS OPINION IN PART.

. Brantley v. City of Horn Lake, 152 So.3d 1106 (Miss.2014).

. Anderson v. LaVere, 136 So.3d 404, 410 (Miss.2014) (quoting MS Credit Ctr., Inc. v. Horton, 926 So.2d 167, 180 (Miss.2006); citing Flagstar Bank, FSB v. Danos, 46 So.3d 298, 311 (Miss.2010)).

. See Westbrook v. Comm’r of Internal Revenue, 68 F.3d 868, 879 (5th Cir.1995) (quoting CWT Farms, Inc. v. Comm’r of Internal Revenue, 79 T.C. 1054, 1982 WL 11207 (1982) ("A motion for reconsideration is not granted ‘to resolve issues which could have been raised during the prior proceedings.’ ”)); Grumman Aircraft Eng’g Corp. v. Renegotiation Bd., 482 F.2d 710, 721 (D.C.Cir.1973), rev’d on other grounds by Renegotiation Bd. v. Grumman Aircraft Eng’g Corp., 421 U.S. 168, 95 S.Ct. 1491, 44 L.Ed.2d 57 (1975) (citing Echevarria v. U.S. Steel Corp., 392 F.2d 885, 892 (7th Cir.1968)); Rue v. Feuz Constr. Co., 103 F.Supp. 499, 502 (D.D.C.1952) (“Ordinarily Rule 59 motions for either a new trial or a rehearing are not granted by the District Court where they are used by a losing party to request the trial judge to reopen proceedings in order to consider a new defensive theory which could have been raised during the original proceedings.”); Echevarria, 392 F.2d at 892 ("Defendant, apparently as an afterthought, raised for the first time in its post-trial motions the *622 theory that Iran, the injured boy’s brother, was contributorily negligent and that such negligence was imputable to the father. We agree with the trial court that defendant waived any error committed in this respect.”).